IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALICE SHEWMAKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 2:05-cv-793-M |
| ) | |
| EXHIBIT TRANSPORT, INC.; ) | |
| KEN KEITH TRUCKING, INC.; ) | |
| EXHIBIT TRANSFER & STORAGE, ) | |
| INC.; and ) | |
| ALVA EUGENE SYPOLT ) | |
| ) | |
| Defendants. ) | |

## ANSWER

COME NOW the Defendants, Exhibit Transport, Inc. and Exhibit Transfer & Storage, Inc., (hereinafter the "Defendants"), and for answer to the Plaintiff's Complaint and to each and every count and paragraph thereof, separately and severally set down and assign the following defenses:

### I. Parties

1.      Upon information and belief, the Defendants admit the averment contained in Paragraph 1 of the Complaint.

2.      The Defendants assert that Exhibit Transport, Inc. is not the proper entity associated with the accident made the basis of this lawsuit. Therefore, the Defendants deny all the material allegations contained in Paragraph 2 of the Complaint and demand strict proof thereof.

3.      The Defendants admit the averments contained in Paragraph 3 of the Complaint.

4.      The Defendants assert that Exhibit Transfer & Storage, Inc. is not the proper entity associated with the accident made the basis of this lawsuit. Therefore, the Defendants deny all the material allegations contained in Paragraph 4 and demand strict proof thereof.

5. The Defendants admit that Alva Eugene Sypolt is a citizen and resident of the State of Missouri who worked for Ken Keith Trucking, Inc. at the time of the subject accident. The Defendants deny the remaining material allegations contained in Paragraph 5 and demand strict proof thereof.

## II. Jurisdiction and Venue

6. The Defendants admit that they are not citizens of the State of Alabama. Further, the Defendants admit that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332. However, the Defendants expressly deny that they are liable to the Plaintiff for any and all alleged damages.

## III. Facts

7. The Defendants admit that a motor vehicle collision occurred at or near the time and place described in Paragraph 7 of the Complaint. However, the Defendants deny the remaining material allegations contained in Paragraph 7 of the Complaint and demand strict proof thereof.

8. The Defendants deny the material allegations contained in Paragraph 8 of the Complaint and demand strict proof thereof.

## COUNT I: Negligence

9. The Defendants hereby adopt and incorporate by reference each and every averment and denial contained in Paragraphs 1-8 as if fully set forth herein.

10. The Defendants deny the material allegations contained in Paragraph 10 of the Complaint, including sub-parts (a) through (g), and demand strict proof thereof.

11. The Defendants deny the material allegations contained in Paragraph 11 of the Complaint and demand strict proof thereof.

The Defendants deny that the Plaintiff is entitled to the relief requested in this unnumbered paragraph and demand strict proof thereof.

## COUNT II: Wantonness

12. The Defendants hereby adopt and incorporate by reference each and every averment and denial contained in Paragraphs 1-11 as if fully set forth herein.

13. The Defendants deny the material allegations contained in Paragraph 13 of the Complaint, including sub-parts (a) through (g), and demand strict proof thereof.

14. The Defendants deny the material allegations contained in Paragraph 14 of the Complaint and demand strict proof thereof.

The Defendants deny that the Plaintiff is entitled to the relief requested in this unnumbered paragraph and demand strict proof thereof.

## COUNT III: Negligent and/or Wanton Entrustment

15. The Defendants hereby adopt and incorporate by reference each and every averment and denial contained in Paragraphs 1-14 as if fully set forth herein.

16. The Defendants admit that Alva Eugene Sypolt worked for Ken Keith Trucking, Inc., at the time of the subject accident. The Defendants deny the remaining material allegations contained in Paragraph 16 and demand strict proof thereof.

17. The Defendants deny the material allegations contained in Paragraph 17 of the Complaint and demand strict proof thereof.

18. The Defendants deny the material allegations contained in Paragraph 18 of Complaint and demand strict proof thereof.

The Defendants deny that the Plaintiff is entitled to the relief requested in this unnumbered paragraph and demand strict proof thereof.

## FIRST DEFENSE

The Defendants plead the general issue and say that they are not guilty of the matters with which they are charged in the Complaint and demand strict proof thereof.

## SECOND DEFENSE

The Complaint fails to state a claim against one or more Defendants upon which relief can be granted.

## THIRD DEFENSE

The Defendants plead insufficient process and/or insufficient service of process.

## FOURTH DEFENSE

The Defendants deny that they are guilty of negligence as alleged in the Complaint and demand strict proof thereof.

## FIFTH DEFENSE

The Defendants deny that they are guilty of any wantonness or other wrongful conduct as alleged in the Complaint and demand strict proof thereof.

## SIXTH DEFENSE

The Defendants aver that there is no causal connection or relationship between any alleged negligence (or other wrongful conduct) on the part of these Defendants and the alleged injuries or damages contained in the Complaint.

## SEVENTH DEFENSE

The Defendants claim as a set off any monies received by, or paid on behalf of, the Plaintiff for the acts or injuries alleged in Plaintiff's Complaint, including insurance proceeds or settlements of any kind.

## EIGHTH DEFENSE

The Defendants aver that the Plaintiff's claims are barred by the intervening or superseding negligence of others over whom these Defendants had no control.

## NINTH DEFENSE

The Defendants plead laches.

### TENTH DEFENSE

The Defendants plead contributory negligence.

### ELEVENTH DEFENSE

The Defendants plead sudden emergency.

### TWELFTH DEFENSE

The Defendants plead estoppel.

### THIRTEENTH DEFENSE

The Defendants plead waiver.

### FOURTEENTH DEFENSE

The Defendants plead that some or all of the Plaintiff's claims are barred because the Plaintiff failed to mitigate damages.

### FIFTEENTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages, violates Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

### SIXTEENTH DEFENSE

Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages, violates Defendants' right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and in Article I, §15 of the Constitution of the State of Alabama. Same also violates Defendants' right to due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of Alabama, and, fails to state a cause of action supporting the imposition of punitive or exemplary damages.

### SEVENTEENTH DEFENSE

Any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendants under the Constitution of the United States of America.

### EIGHTEENTH DEFENSE

Any award of punitive damages to Plaintiff in this case would violate the constitutional safeguards provided to the Defendants under the due process clause of the Fourteenth Amendment of the United States Constitution in that punitive damages are vague and not rationally related to legitimate government concern or interest.

### NINETEENTH DEFENSE

Any award of punitive damages to Plaintiff in this case would violate Article I, §6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and not rationally related to legitimate government concern or interest.

### TWENTIETH DEFENSE

Any award of punitive damages to Plaintiff in this case violates the procedural safeguards provided to Defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendants are entitled to the same procedural safeguards afforded to criminal defendants.

### TWENTY-FIRST DEFENSE

It is violative of the self incrimination clause of the Fifth Amendment of the Constitution of the United States of America to impose upon Defendants punitive damages, which are penal in nature, yet compel Defendants to disclose potentially incriminating documents and evidence.

## TWENTY-SECOND DEFENSE

It is violative of the self incrimination clause of Article I, §6 of the Constitution of the Sate of Alabama to impose against Defendants punitive damages, which are penal in nature, yet compel Defendants to disclose potentially incriminating documents and evidence.

## TWENTY-THIRD DEFENSE

It is violative of the rights guaranteed by the United States Constitution and the Alabama Constitution to impose against Defendants punitive damages, which are penal in nature, by requiring a burden of proof by Plaintiff, which is less than the "beyond a reasonable doubt" burden required in criminal cases.

## TWENTY-FOURTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will violate the Eighth Amendment of the United States Constitution in that said damages would be an excessive fine in violation of the Excessive Fine Clause to the Eighth Amendment of the Constitution of the United States.

## TWENTY-FIFTH DEFENSE

Any award of punitive damages to the Plaintiff in this case would violate the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

## TWENTY-SIXTH DEFENSE

The imposition of punitive damages in this case violates the Due Process Clause of Amendment V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damage awards has the substantial chilling effect on the exercise of fundamental rights to order, liberty, and of access to the courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate due process under the state and federal constitution provisions by (1) failing to provide sufficient objective and specific standards by which a jury may decide whether to award punitive damages and to

determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which a jury may impose punitive damages based upon the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific guidelines by which a jury may award punitive damages against multiple defendants for different alleged acts of wrong doing; (4) failing to provide sufficiently objective and specific standards by which a jury may award separate judgments against alleged joint-feasors; (5) by failing to provide sufficiently clear, objective, and specific standard for appellate review for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## TWENTY-SEVENTH DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause Amendments V and XIV of the United States Constitution and deprives Defendants of the right to equal protection under the law provided in Article I, Sections 1, 6, and 22 of the Alabama Constitution because, among other reasons, criminal defendants are placed in a position of a distinctive advantage over civil defendants of comparable culpability due to the disparity and punitive treatment for similar conduct and because of the absence of sufficiently objective and specific standards for the imposition of punitive damages which fails to ensure equal treatment between similarly situated defendants.

## TWENTY-EIGHTH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by application of Alabama Code §6-11-21(1975), which provides that an award of punitive damages shall not exceed $250,000.00.

## TWENTY-NINTH DEFENSE

The Defendant pleads any other matter constituting an avoidance or affirmative defense and expressly reserve the right to amend their Answer accordingly.

*/s/ James H. Anderson*

James H. Anderson (AND021)
BEERS, ANDERSON, JACKSON,
   PATTY & VAN HEEST, P.C.
P. O. Box 1988
Montgomery, AL 36102
Telephone:     334-834-5311
Facsimile:      334-834-5362
janderson@beersanderson.com
ATTORNEY FOR DEFENDANTS
EXHIBIT TRANSPORT, INC. and
EXHIBIT TRANSFER & STORAGE INC.

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2005, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF System and I have served a copy of same upon Plaintiff's counsel by placing a copy in the United States Mail, postage prepaid, and properly addressed to them as follows:

Christopher J. Zulanas
Jess S. Boone
FRIEDMAN, LEAK, DAZZIO,
  ZULANAS & BOWLING, P.C.
3800 Colonnade Parkway, Suite 650
Birmingham, AL 35243

     And

Thomas L. Oliver, II
Lea Richmond
CARR, ALLISON, PUGH, HOWARD
  OLIVER & SISSON
100 Vestavia Parkway, Suite 200
Birmingham, AL 35216

*/s/ James H. Anderson*