IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALICE SHEWMAKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION CASE NUMBER: |
| | ) |
| EXHIBIT TRANSPORT, INC.; | ) **2:05-cv-000793-F** |
| KEN KEITH TRUCKING, INC.; | ) |
| EXHIBIT TRANSFER & STORAGE, INC.; | ) |
| ALVA EUGENE SYPOLT; KEN KEITH; | ) |
| MELONIE KEITH and TRAVEL CENTERS | ) |
| OF AMERICA, | ) |
| | ) |
| Defendants | ) |

## MOTION TO COMPEL

COMES NOW the Plaintiff in the above-styled matter, **Alice Shewmake**, and moves this Honorable Court to compel Defendant Travel Centers of America to respond to Interrogatories and Request for Production of Documents propounded by Plaintiff Alice Shewmake. As grounds for this motion, Plaintiff sets forth and says as follows:

1. Plaintiff's Interrogatories and Request for Production of Documents were propounded to Defendant Travel Centers of America to-wit: May 30, 2006.

2. Counsel for Plaintiff has made efforts to resolve this matter without the necessity of court involvement. (See letter with discovery attached hereto as Exhibit "A").

3. To date, Defendant Travel Centers of America has failed and/or refused to respond to said discovery.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Honorable Court enter an Order requiring Defendant Travel Centers of America to respond to said discovery within ten days.

_____
Christopher J. Zulanas - ZUL001
Attorney for Plaintiff Alice Shewmake

**Of Counsel:**
FRIEDMAN, LEAK, DAZZIO, ZULANAS & BOWLING, P.C.
Post Office Box 43219
Birmingham, AL 35243
(205) 278-7000

## **CERTIFICATE OF SERVICE**

I hereby certify I have *electronically filed* a copy of the foregoing pleading via **CM/ECF** to all counsel of record listed below this ____ day of August, 2006.

_____
OF COUNSEL

cc:
Jack Hendrix (jhendrix@ldtglaw.com)
Lee Tieman (ltieman@ldtglaw.com)
Thomas L. Oliver (tlo@carrallison.com)
Lea Richmond (lnr@carrallison.com)
James Anderson (janderson@beersanderson.com)
Kile T. Turner (kturner@nwkt.com)

# Exhibit "A"

CHRIS ZULANAS
czulanas@friedmanleak.com
DIRECT DIAL NUMBER:
(205) 278-7050

July 5, 2006

Mr. Kile T. Turner
*Norman, Wood*
1600 Financial Center
505 North 20th Street
Birmingham, AL 35203

      RE:    Alice Shewmake v. Ken Keith Trucking, et al.
              Date of Loss:           07/22/2005
              Our File Number:      462-3996

Dear Kile:

      We propounded a set of Interrogatories and Request for Production of Documents to your client back in May. To date, we have not received your client's responses to said discovery. Please send responses to our discovery within seven days from the date you receive this letter to prevent us from filing a Motion to Compel.

      Also, please provide us with some dates in the near future you are available to take the deposition of your client's corporate representative. Thank you for your attention to this matter. I look forward to hearing from you soon.

                                    Sincerely,

                                    FRIEDMAN LEAK

                                    Christopher J. Zulanas

CJZ/sa

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALICE SHEWMAKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION CASE NUMBER: |
| ) | |
| EXHIBIT TRANSPORT, INC.; ) | 2:05-cv-000793-F |
| KEN KEITH TRUCKING, INC.; ) | |
| EXHIBIT TRANSFER & STORAGE, INC.; ) | |
| ALVA EUGENE SYPOLT; KEN KEITH; ) | |
| MELONIE KEITH and TRAVEL CENTERS ) | |
| OF AMERICA, ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT TRAVEL CENTERS OF AMERICA**

COMES NOW Plaintiff Alice Shewmake in the above-styled action and request that Defendant, Travel Centers of America, answer and/or respond to the following discovery requests within the time required by the Federal Rules of Civil Procedure. In addition, the Plaintiff requests that Defendant attach a copy of each and every document referred to in any of the discovery requests on in Defendant's responses thereto.

These discovery requests shall be deemed continuing so as to require supplemental answers upon receipt of additional information by each Defendant or each Defendant's attorney subsequent to each Defendant's original response. Any sch supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

1. State the name, address, title and duties of the person answering these interrogatories and the place where these interrogatories are answered.

2. State the name, address and job title of each person who was contacted in answering these interrogatories or who provided information relevant to the answering of the interrogatories and the proper designation of each book, document or record which was searched in answering the interrogatories.

3. State this defendant's name correctly and/or the correct way this defendant should be designated as a party defendant in an action at law (at the time of the occurrence made the basis of this suit and at the time these interrogatories were answered).

4. State the general corporate history of this defendant.

5. State the name and principal address of each insurer, of any type whatsoever, which insured this defendant against risks or losses claimed in this lawsuit.

6. State the name and address of each person from whom a statement has been obtained by this defendant or on behalf of this defendant.

7. List any and all standard operating procedures, if any, pertaining to the maintenance, inspection, and/or repair of the brakes on tractors and trailers.

8. Describe any and all repairs, changes or modifications to the tractor and trailer involved in the accident made the basis of this lawsuit. Please attach all documentation pertaining to said repairs, changes and/or modifications, and should include but not be limited to work orders and invoices.

9. Give the name of each individual who would have any knowledge concerning the maintenance, inspection, and repair of the tractor and trailer involved in the occurrence made the basis of this suit.

2

10. List the name and address of the person responsible for the inspection and/or repair of the tractor and trailer involved in the occurrence made the basis of this suit. Please attach all documentation pertaining to said inspections, repairs, changes and/or modifications, and should include but not be limited to work orders and invoices.

11. List the style, civil action number and location of any lawsuits ever filed against this defendant claiming injury, damage or death due to any problems regarding this defendant failure to maintain, inspect and/or repair.

12. State the name and address of any and all agents, employees, or representatives (including experts) of this defendant who have viewed and/or inspected the scene of the accident made the basis of this lawsuit or the tractor and trailer.

13. State the name and address of any person or entity other than the named defendant in this suit who had any connection with or relationship with or caused in any way the occurrence made the basis of plaintiff's complaint.

14. State the full name and address of every witness known to you, or to your attorney, who has any knowledge regarding the facts and circumstances surrounding the happening of the incident referred to in the complaint including, but not limited to, eyewitnesses to such event.

15. Do you contend or have any knowledge whatsoever that anyone other than the named defendants in this cause had any connection with or relationship to the occurrence made the basis of plaintiff's complaint? If so, please state in detail the facts upon which you base this connection and the name and address of each such person or entity.

3

16. Produce any and all contracts between this defendant and any other named defendant and all modifications thereto.

17. Please produce a list of all employees who worked on the tractor and trailer involved in the occurrence made the basis of this lawsuit from January 1, 2000 until the date of the accident, July 22, 2005.

18. Please produce any and all work orders or other written orders for the tractor and trailer involved in the occurrence made the basis of this lawsuit from January 1, 2000 until the date of the accident, July 22, 2005.

19. Please produce the personnel file of each employee who inspected and/or repaired the tractor and trailer involved in the occurrence made the basis of this lawsuit from January 1, 2000 until the date of the accident, July 22, 2005.

20. List each and every defense known to you at this time that you presently intend to assert.

21. State the full name and address of each witness that you expect to call at the trial of this case.

22. State the name and address of each expert witness that you expect to call at the trial of this case and state the subject matter on which said experts are expected to testify.

23. State the substance of the facts, opinions and conclusions to which each and every expert is expected to testify in this case.

24. Please produce copies of any photographs or motion pictures of the persons, places, or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence and the tractor and trailer involved in said occurrence.

4

25. Please produce a copy of each and every investigative document and/or report made by or for this defendant or in this defendant's possession, pertaining to or addressing in any way the occurrence made the basis of this lawsuit.

26. Please produce a copy of any and all maintenance records, repair records, modification records, or documents of any type pertaining to, growing out of or involving in any way repairs, modifications or maintenance carried out on the tractor or trailer involved in the occurrence made the basis of this suit at any time, whether prior to or subsequent to the occurrence made the basis of this suit.

27. If you have declined or failed to produce any requested document, in whole or in part, under a claim of privilege or immunity from prosecution, for each document, please:

(a) Identify the document or communication;

(b) Identify each person to whom any part of the contents of the document or communication has been communicated; and,

(c) State the factual basis for your claim of privilege or immunity.

Respectfully submitted,

/s/ Christopher J. Zulanas

Christopher J. Zulanas
Jess S. Boone
Attorneys for Plaintiff

Of Counsel:
Friedman, Leak, Dazzio, Zulanas & Bowling, P.C.
Post Office Box 43219
Birmingham, AL 35243
(205) 278-7000
(205) 278-7001 Fax

5

## CERTIFICATE OF SERVICE

I hereby certify I have caused a copy of the foregoing pleading to be mailed to all parties/counsel of record, via United States Mail, on this the ___30rd___ day of ___May___, 2006.

_____
OF COUNSEL

cc:

Mr. Jack Dale Hendrix
Mr. Lee C. Tieman
*Liles, Davison*
1018 West Saint Maartens Drive
Suite 200
St. Joseph, MO 64506

Mr. Thomas L. Oliver, II
Mr. Lea Richmond
*Carr, Allison*
100 Vestavia Parkway
Suite 200
Birmingham, AL 35216

Mr. James H. Anderson
*Beers, Anderson*
Post Office Box 1988
Montgomery, AL 36102

Mr. Kile T. Turner
*Norman, Wood*
1600 Financial Center
505 North 20th Street
Birmingham, AL 35203

462-3996

6