IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALICE SHEWMAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05CV793-MEF |
| | ) | [WO] |
| EXHIBIT TRANSPORT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION

The plaintiff, ALICE SHUMATE ["Shumate"], filed a Motion to Compel on 8 August 2006, alleging that the defendant, TRAVEL CENTERS OF AMERICA ["Travel Centers"], has failed to respond to interrogatories and requests for production of documents propounded on 30 May 2006 (Doc. # 30). The plaintiff has received neither answers nor objections to its now-two-month-old discovery requests.

Notwithstanding the defendant's non-compliance, and for good cause, it is hereby

ORDERED that the motion be DENIED pursuant to the Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B) and ¶5 of the General Order of this court entered on 22 November 1993.

The applicable provisions of this court's General Order reads as follows:

> the court will not consider any motion relating to discovery, such as a motion to compel or a motion for protective order, unless the motion is accompanied by a written certification that the moving party has made a reasonable good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B), as amended on December 1, 1993, require litigants to seek to resolve discovery disputes by a good faith *conference* before seeking court intervention. Discovery motions filed pursuant to these Rules *must be accompanied by a certification* that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. This court has interpreted the requirement to confer as a requirement that the parties conduct an in-person conference to facilitate a good faith effort to settle the dispute.[1]

The parties are REMINDED that the time for objections, pursuant to Rules 33(b)(3) and 34(b) of the FED. R. CIV. P., has expired. Thus, regardless of good faith conferences, the defendant may not assert objections at this time.

DONE this 10th day of August, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] In that connection, the court notes that counsel for the plaintiff and the defendant maintain offices in the same city.