IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALICE SHEWMAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05CV793-MEF |
| | ) | [WO] |
| EXHIBIT TRANSPORT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

Previously, the plaintiff filed a Motion to Compel interrogatory responses and production of documents from defendant Travel Centers of America (Doc. # 30). The court entered an order on 10 August 2006 denying the motion because of the plaintiff's failure to comply with the court's General Order, but noting that "[t]he plaintiff has received neither answers nor objections to its now-two-month-old discovery requests". The court made further reference to "the defendant's non-compliance". Clearly, the motion was denied solely on the basis of the plaintiff's non-compliance.

One month later, i.e., on 19 September 2006, the plaintiff filed yet another Motion to Compel (Doc. # 32). Notwithstanding the court's observations in its previous order, and notwithstanding four additional weeks during which the defendant could have cured its deficiency, the defendant still has not served the discovery responses upon plaintiff's counsel. Having been served with the plaintiff's discovery requests on or about 30 May 2006, the defendant's responses are now more than 75 days overdue.

Notably, the defendant has not requested an extension of time from this court, even after the August order.

> The Federal Rules of Civil Procedure set out explicit time limits for responses to discovery requests. Those are the dates by which a lawyer should answer; he should not await a court order. If a lawyer cannot answer on time, he should move for an extension of time in which to answer, and inform opposing counsel so that in the meantime no motion to compel a response will be filed.

*Guidelines on Civil Discovery*, Section I-G.  Thus, the defendant's time has expired and any objections it may have wished to assert are not waived.[1]


## CONCLUSION

Accordingly it is ORDERED as follows:

1. The motion to compel is GRANTED.[2]

2. On or about 29 September 2006, TRAVEL CENTERS OF AMERICA shall serve upon the plaintiff's counsel full and complete responses to the plaintiff's interrogatories and requests for production, , free of objections and signed by the person answering them.

---

[1] The rules of procedure require that (1) responses to interrogatories be provided "separately and fully in writing under oath" unless there is an objection.  FED. R. CIV. PRO. 33(b)(1); (2) answers to interrogatories be "signed by the person making them".  FED. R. CIV. PRO. 33(b)(2); (3) responses to interrogatories or objections be served "within 30 days after the serve of the interrogatories".  FED. R. CIV. PRO. 33(b)(3); (4) objections that are untimely are "waived unless the party's failure to object is excused by the court for good cause shown".  FED. R. CIV. PRO. 33(b)(4); and (5) responses to a request for production or objections thereto be served in writing "within 30 days after the service of the request".  FED. R. CIV. PRO. 34(b).

[2] Implicitly, the court finds that the plaintiff has now complied with the court's General Order.  Attached to the motion as Exhibit A was an affidavit of Christopher J. Zulanas, Esq., plaintiff's counsel, attesting to his efforts to secure the defendant's responses.

3. On or before 3 October 2006, counsel for the plaintiff shall file a Notice of Compliance with the Clerk of the court, attesting to the defendant's compliance or non-compliance with this order.

4. The parties are reminded of the admonition in the *Guidelines to Civil Discovery*:

> Because lawyers are expected to respond when the rules provide, Rule 37(a)(4) provides that if an opposing lawyer must go to court to make the recalcitrant party answer, the moving lawyer is ordinarily awarded counsel fees spent in filing (and, if necessary, arguing) the motion to compel. Rule 37 will be enforced in this district strictly according to its tenor.
>
> Once a court order is obtained compelling discovery, unexcused failure to provide a timely response is treated by the Court with the special gravity which it deserves; violation of a court order is always serious and may be treated as contempt, or judgment may be entered, or some other appropriate and measured sanction used. (Section I-G).

5. On or before 3 October 2006, the defendant shall show cause in writing why the court should not impose sanctions upon it, including the expenses incurred by the plaintiff in securing the responses and a reasonable attorney fee.

DONE this 21st day of September, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE