# "EXHIBIT A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALICE SHEWMAKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION CASE NUMBER: |
| ) | 2:05-cv-000793-F |
| ) | |
| EXHIBIT TRANSPORT, INC.; ) | |
| KEN KEITH TRUCKING, INC.; ) | |
| EXHIBIT TRANSFER & STORAGE, ) | |
| INC.; ALVA EUGENE SYPOLT; ) | |
| KENNETH W. KEITH; MELONIE ) | |
| KEITH; and TRAVEL CENTERS OF ) | |
| AMERICA, ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF KILE T. TURNER

STATE OF ALABAMA    )
                    )
COUNTY OF JEFFERSON )

Before me, a Notary Public in and for said county and state, personally appeared Kile T. Turner, who being first duly sworn, deposes and says that he is a citizen of the United States of America, and a resident of Jefferson County, Alabama. Deponent further deposes and says, as follows:

1. My name is Kile T. Turner. I am over the age of nineteen (19). I am counsel for defendant, Travel Centers of America ("TCA") in the case of Shewmake v. Travel Centers of America, CV-05-793.

2. Over the last several months, I have had at least four telephone conversations with plaintiff's counsel, Chris Zulanas, regarding the fact that my client, TCA, is unable to locate any

documents which put the trailer in question at its Commerce City, Colorado, facility as alleged by the Amended Complaint.

3. In August, it was mutually agreed that we would attempt to try to resolve the case following his settlement with Ken Keith Trucking before taking any discovery or having to respond to discovery.

4. It was also agreed that plaintiff's counsel would forward the documents that he believed tied the trailer in question to our facility, because TCA could not find such documents.

5. After another conversation when we discussed how to resolve discovery issues, I emailed plaintiff's counsel on September 18, 2006 specifically referencing our previous conversations, and again asking for the documents on which he based his Amended Complaint. Up until this time (September 18, 2006), it was agreed that TCA did not have to respond to the discovery requests.

6. Rather than receive the document, I received plaintiff's Motion to Compel, and have been working to respond to his discovery.

7. The documents plaintiff's counsel agreed to share were received at 4:45 p.m. on Friday, September 22, 2006.

8. I have known plaintiff's counsel for more than a decade, and have always enjoyed good relations with him. I was under the impression that any disputes would be resolved between us without having to involve the Court. More importantly, I was under the impression -- because we had agreed – that TCA's responses would not be due until he showed me the alleged documents that form the basis of his claim.

9.  At all times, it has been my intention as counsel for TCA to fully respond to all legally viable discovery requests. I have been engaged in dialogue to resolve any discovery dispute.

DEPONENT SAYETH FURTHER NOT.

_____
Kile T. Turner

Sworn to and subscribed to before me this 26th day of September, 2006.

_____
Barbara Watkins
Notary Public

My Commission Expires:
11/20/08