IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALICE SHEWMAKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05CV793-MEF |
| | ) [WO] |
| EXHIBIT TRANSPORT, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION**

Pending before the court a Motion for Reconsideration (Doc. # 34) of the court's order granting the plaintiff's Motion to Compel the defendant, Travel Centers of America ["Travel Centers"], to submit discovery responses (Doc. # 32). The plaintiff has responded to the motion (Doc. # 35).

As grounds for its motion for reconsideration, Travel Centers avers that it had an agreement with the plaintiff to forestall service of responses until the plaintiff submitted documents to Travel Centers. In short, the parties agreed to extend the defendant's time for responding to the discovery requests beyond the time afforded by the Federal Rules of Civil Procedure. It has long been the policy of this court that, while the parties may agree to extensions and other accommodations between or among themselves, the court will not honor those agreements if the litigation is compromised thereby. Indeed, the *Guidelines to Civil Discovery* provide as follows:

> Any agreement between the attorneys to waive or alter the
> requirements set out above is normally accepted so long as it

>does not delay the progress of the case or otherwise interfere
>with court management.

Section I-6, *Guidelines to Civil Discovery Practice in the Middle District of Alabama*.

In the instant case, the plaintiff avers that she "will be prejudiced in her pursuit of her claims against . . . [Travel Centers] . . . if she is not provided the discovery responses by the deadline" in the court's order (i.e., 29 September 2006). The plaintiff's averment is buttressed by the court's scheduling order (Doc. # 13), which sets a deadline for discovery on 20 December 2006, and a motions deadline on 5 October 2006. The court is mindful that, since the Scheduling Order was entered, the plaintiff has filed an Amended Complaint (Doc. # 21), and the defendants have filed their Answers thereto (Docs. # 25-29). However, the Scheduling Order has not been amended.

Accordingly, it is

ORDERED that the Motion for Reconsideration is DENIED.[1]

DONE this 29th day of September, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] If Travel Centers is unable to produce documents or respond to interrogatories without documents from the plaintiff, it should simply state under oath either that it does not have the documents or information requested. Travel Centers is reminded, however, that because the time for asserting objections to discovery has lapsed, objections are now deemed to have been waived.