# "EXHIBIT A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| ALICE SHEWMAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION CASE NUMBER: |
| | ) | 2:05-cv-000793-F |
| | ) | |
| EXHIBIT TRANSPORT, INC.; | ) | |
| KEN KEITH TRUCKING, INC.; | ) | |
| EXHIBIT TRANSFER & STORAGE, | ) | |
| INC.; ALVA EUGENE SYPOLT; | ) | |
| KENNETH W. KEITH; MELONIE | ) | |
| KEITH; and TRAVEL CENTERS OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF KILE T. TURNER

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| COUNTY OF JEFFERSON | ) |

Before me, a Notary Public in and for said county and state, personally appeared Kile T. Turner, who being first duly sworn, deposes and says that he is a citizen of the United States of America, and a resident of Jefferson County, Alabama. Deponent further deposes and says, as follows:

1.    My name is Kile T. Turner. I am over the age of nineteen (19). At all relevant times, I have been counsel for defendant, Travel Centers of America ("TCA") in the case of Shewmake v. Travel Centers of America, CV-05-793.

2.    During the course of this case, I have had several conversations with plaintiff's counsel, Chris Zulanas, regarding discovery responses.

3.     Until September 18, 2006, when I received plaintiff's counsel email at 5:35 p.m., I was under the impression that responses were not due until I had an opportunity to receive the documents from plaintiff's counsel.

4.     Plaintiff's counsel is a personal acquaintance and assured me that the Motion to Compel was "just to protect my client."

5.     This case involves a negligent failure to inspect the brakes on a trailer – a claim for work never performed – thus a "paper trail" does not exist, making meaningful responses to discovery difficult.

6.     TCA has not attempted to conduct discovery in bad faith, rather it is unable to locate documents for work which it did not do.

7.     Any blame for TCA's lack of responses should be placed at my feet and TCA should not be punished because I entered the agreement with plaintiff's counsel that created the misunderstanding about when the responses were actually due.

8.     In addition, I was distracted by various personal issues, including but not limited to, a death of a close relative, and an unusually heavy workload.

9.     Therefore, should this Court deem sanctions appropriate, such sanctions should be against me personally and not against my client, which has not attempted to circumvent the discovery process.

10.     I am an attorney in good standing in every court in which I am admitted and have never been subject to a disciplinary action.

DEPONENT SAYETH FURTHER NOT.

s/ Kile T. Turner
Kile T. Turner

- 2 -

Sworn to and subscribed to before me this 3rd day of October, 2006.


                                                    s/ Barbara Watkins
                                                    Notary Public

My Commission Expires:

 _ November 20, 2008 _