**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| ALICE SHEWMAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION CASE NUMBER: |
| | ) | 2:05-cv-000793-F |
| | ) | |
| EXHIBIT TRANSPORT, INC.; | ) | |
| KEN KEITH TRUCKING, INC.; | ) | |
| EXHIBIT TRANSFER & STORAGE, | ) | |
| INC.; ALVA EUGENE SYPOLT; | ) | |
| KENNETH W. KEITH; MELONIE | ) | |
| KEITH; and TRAVEL CENTERS OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, TRAVEL CENTERS OF AMERICA'S,
MOTION FOR SUMMARY JUDGMENT**

**COMES NOW** the defendant, **Travel Centers of America ("TCA")**, and moves this Honorable Court pursuant to Federal Rules of Civil Procedure 56 for Summary Judgment and pleads as follows:

**UNDISPUTED FACTS**

This lawsuit is filed as a result of an automobile accident between an 18-wheeler owned and operated by Ken Keith Trucking, Inc. and Exhibit Transport, Inc., and driven by Alva Eugene Sypolt.

On or about July 22, 2005, plaintiff was operating a vehicle on Highway 231 in or near the City of Wetumpka in Elmore County, Alabama (Plaintiff's Complaint, ¶ 10, attached as Exhibit 1).

At the time of the accident, defendant Sypolt was traveling in excess of the posted speed limit, was traveling too closely to the plaintiff's vehicle, and otherwise violated the Alabama Rules of the Road (Exhibit 1, ¶ 10).

Prior to the subject accident, defendant TCA repaired the trailer defendant was hauling at its Commerce City, Colorado facility (Exhibit 1, ¶ 12). The repair consisted solely of replacing two lamps and one bulb in the trailer's light assembly. (See work order/invoice attached as Exhibit 2).

As a result of being rear-ended by the tractor trailer being driven by the defendant Sypolt, the plaintiff was injured (Exhibit 1, ¶ 13).

The sole allegation against defendant TCA is that it failed to properly diagnose and/or repair problems with the trailer's brakes such that they were not working properly on the day of the accident, did not comply with Federal Motor Carrier Safety Regulations, and caused and/or contributed to cause the accident (Exhibit 1, ¶ 12).[1]

## **ISSUE**

Whether defendant TCA is entitled to summary judgment because no genuine issue of material fact exists and is entitled to judgment as a matter of law?

YES, TCA IS ENTITLED TO SUMMARY JUDGMENT BECAUSE IT DID NOT BREACH ANY DUTY OWED TO THE PLAINTIFF AND THERE IS NO CAUSAL CONNECTION BETWEEN THE ALLEGED NEGLIGENCE AND THE INJURY TO THE PLAINTIFF.

A.   TCA Did Not Have a Duty to Inspect the Brakes.

Neither party disputes that on April 23, 2005, approximately three months before the accident made the basis of this lawsuit, the trailer involved in the accident with the plaintiff was

---

[1] Plaintiff alleges three counts against all defendants *except* TCA. Count I is for negligence, Count II is for wantonness, and Count III is for negligent entrustment. Plaintiff did not sue TCA under Counts I, II, and III. Rather, it made one bald assertion against TCA in Paragraph 12 of its Complaint

brought to the TCA facility in Commerce City, Colorado. (See Exhibit 2). Pursuant to its instructions, TCA repaired or replaced lights and the light assembly as evidenced by a copy of the work order (attached as Exhibit 2). An objective reading of the work order indicates that the only work done was on the light assembly. <u>At no time were the brakes inspected on April 23, 2005 at the TCA facility</u>. Therefore, TCA cannot be liable for negligent inspection because it did not undertake a duty to do so. In addition, it cannot be liable for failure to inspect the brakes because it was never asked to do so. A brake inspection is a service that can be purchased by a customer, but it was not done so in this case. See Defendant's Response to Plaintiff's Interrogatories, Response No. 7, (attached as Exhibit 3). For one to maintain a negligence action under Alabama law, the defendant must have been subject to a legal duty. <u>Rawlings v. Dovenmuehle Mortgage, Inc.</u>, 64 F.Supp.2d 156 (M.D. Ala. 1999). In this case, no evidence exits that TCA undertook a legal duty to inspect the trailer's brakes. Quite the opposite, documentation proves that TCA was asked only to repair the light assembly and there is no mention of a brake inspection. A negligence action cannot be maintained without a showing that the defendant owed the plaintiff a duty. <u>New Addition Club, Inc. v. Vaughn</u>, 930 So.2d 68 (Ala. 2004). Because no duty existed for TCA to inspect the brakes, TCA should be granted summary judgment.

In order to establish a claim for negligence under Alabama law, the plaintiff must demonstrate (1) an obligation owed by the defendant to the plaintiff, (2) a breach of the standard of care applicable to that obligation, and (3) causation and (4) damage. <u>Scott v. ABF Freight Systems</u>, 306 F.Supp.2d 1169 (M.D. Ala. 2003) As previously noted, the elements of a negligence claim under Alabama law are duty, a breach of that duty, causation and damage. <u>Teitel v. Wal-Mart Stores, Inc.</u>, 27 F.Supp.2d 1268 (M.D. Ala. 2003). In this case, the only duty

undertaken by TCA was to properly repair the light assembly on the trailer.  As the work order proves, no duty was undertaken to inspect the brakes.  No evidence exists that TCA at any time undertook a duty to inspect the brakes.  In fact, plaintiff does not allege that TCA *improperly* inspected the brakes, but rather that in the course of its repair of the light assembly, it *should have* inspected the brakes and was negligent not to do so.  By repairing the light assembly, TCA cannot be deemed to have warranted the condition of the brakes three months later, when the accident occurred.  If the brakes should have been inspected, the brake inspection service would have been purchased.  In this case, it was not done and therefore no outside duty attaches to inspect the brakes during the repair of the light assembly.[2]

B.      TCA's Failure to Inspect the Brakes Did Not Proximately Cause the Injuries.

As detailed in plaintiff's Complaint, the cause of this accident was the negligence of the truck driver in operating his 18-wheeler at excessive speeds resulting in a rear-end collision with the plaintiff's vehicle.  This accident occurred three months *after* the light assembly repair at the TCA facility.  As the driver's log indicates, on the day of the accident, and the day before, defendant Sypolt inspected the brakes and found them to be in good working order.  See Exhibit 5.  In addition, there is no indication that they were not working properly in the three months *after* the trailer was seen at the TCA facility.  In order to prove negligence under Alabama law, the plaintiff must show that the defendant breached an existing duty that caused damage to the plaintiff.  Turner v. CE Minerals, Inc., 75 F.Supp.2d 1303 (M.D. Ala. 1999).  In order to recover under theories of negligence or wantonness, one must present substantial evidence to show that the conduct complained of produced the harm in question.  Wal-Mart Stores, Inc. v. Langham,

---

[2]  At the time the trailer customer was seen at the TCA facility, the brakes were approximately one month old.  See Exhibit 4.

794 So.2d 1170 (Ala. Civ. App. 2001). Under Alabama law, negligence alone does not afford a cause of action, and liability will be imposed only when negligence is the proximate cause of the injury, or the injury is a natural and probable consequence of the negligent act which ordinarily a person ought reasonably to foresee would result in injury. Davis v. Wal-Mart Stores, 64 F.Supp.2d 1176 (M.D. Ala. 1999). As noted in Davis, however negligent a party may have been in some particular instance, he is accountable only to those injured as a proximate result of such negligence, and where some independent agency (in this case, driver Sypolt) intervenes and is the immediate cause of the injury, the party guilty of prior negligence is not liable.[3] *citations omitted*. Davis, at 1180. In other words, assuming *arguendo* that TCA should have inspected the brakes due to a faulty light assembly on April 23, 2005, given the significant gap in time and miles until the accident, no evidence exists that the failure to inspect the brakes on April 23, 2005 proximately caused defendant Sypolt to rear-end the plaintiff on July 22, 2005. On April 23, 2005, the brakes were only a month old, and the repair log does not indicate there was any problem with the brakes prior to the accident. If the brakes were defective on April 23, 2005, it would have been noted during the driver's daily inspection which is required to be done pursuant to 49 CFR 396.11(a) and 49 CFR 396.13 (attached as Exhibit 6). Assuming that the brakes were defective, then it would have been the driver's failure to inspect the brakes that proximately caused the accident on July 22, 2005, not TCA's repair of the light assembly on April 23, 2005.

---

[3] Although Defendant Sypolt and Exhibit Transport raised 26 affirmative defenses in their Answer, neither defendant alleged that the negligence of someone else caused this accident.

## **CONCLUSION**

TCA is entitled to summary judgment because neither party disputes that TCA never inspected the trailer's brakes. Therefore, the sole issue is whether the brakes *should have been* inspected during the replacement of a light bulb? Because brake inspection is a separate service that can be purchased if so desired, and in this case it was not, TCA never had a duty to inspect the brakes. Because no duty exists, TCA is entitled to summary judgment.

Even if TCA had a duty to inspect the brakes, there is still no causal connection between the failure to inspect and the accident with the plaintiff three months later. Pursuant to federal regulations, the trailer brakes were to be inspected every day that it was in operation. Therefore, if there was a causal connection between the brake inspection and the accident, it would be on the part of the driver, and not TCA. There is simply no evidence to suggest that the brakes were not in proper working order on April 23, 2005. Therefore, there is no causal connection between the accident on July 22, 2005 and TCA. Because no proximate cause exists between the alleged act and the injury, TCA is entitled to summary judgment.

Therefore, with an absence of both duty and causation, and no genuine issue of material fact is in dispute, TCA is entitled to judgment as a matter of law and this Court should grant summary judgment.

**WHEREFORE, PREMISES CONSIDERED,** defendant TCA asks this Honorable Court to grant summary judgment because there is no genuine issue of material fact and it is entitled to judgment as a matter of law.

Respectfully submitted,

s/ Kile T. Turner
Kile T. Turner
Bar Number: ASB-8182-U83K
Attorney for Defendant
Norman, Wood, Kendrick & Turner
Financial Center – Suite 1600
505 20th Street North
Birmingham, Alabama  35203
Phone: (205) 328-6643
Fax: (205) 251-5479
Direct Dial: (205) 259-1033
Email: kturner@nwkt.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of October, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: janderson@beersanderson.com, jody@beersanderson.com, jboone@flb-law.com, mlittle@flb-law.com, jendrix@ldtglaw.com, dee@ldtglaw.com, tlo@carrallison.com, lnr@carrallison.com, ltieman@ldtglaw.com, czulanas@friedmanleak.com, mlittle@friedmanleak.com, and stacy@friedmanleak.com.

s/ Kile T. Turner
Norman, Wood, Kendrick & Turner
Financial Center – Suite 1600
505 20th Street North
Birmingham, AL  35203
Phone: (205) 328-6643
Fax: (205) 251-5479
Direct Dial: (205) 259-1033
Email: kturner@nwkt.com