# "EXHIBIT 1"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 FEB 16  A 10: 22

| | |
|---|---|
| ALICE SHEWMAKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION CASE NUMBER: |
| | ) |
| EXHIBIT TRANSPORT, INC.; | ) 2:05-cv-000793-F |
| KEN KEITH TRUCKING, INC.; | ) |
| EXHIBIT TRANSFER & STORAGE, INC.; | ) |
| ALVA EUGENE SYPOLT; | ) |
| KENNETH W. KEITH; MELONIE KEITH; and | ) |
| TRAVEL CENTERS OF AMERICA, | ) |
| | ) |
| Defendants | ) |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, by and through the undersigned counsel, and states as follows:

### I. Parties

1. The Plaintiff is an individual resident and citizen of Montgomery County, Alabama.

2. Defendant Exhibit Transport, Inc. ("ETI") is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in the State of Missouri. Defendant Exhibit Transport, Inc. conducts business in the State of Alabama and in Elmore County, including on the date of the subject motor vehicle accident.

3. Defendant Ken Keith Trucking, Inc. ("KKT") is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in the State of Missouri. Defendant Ken Keith Trucking, Inc. conducts business in the State of Alabama and in Elmore County, including on the date of the subject motor vehicle accident.

4. Defendant Exhibit Transfer & Storage, Inc. ("ETSI") is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in the State of Missouri.

Defendant Exhibit Transfer & Storage, Inc. conducts business in the State of Alabama and in Elmore County, including on the date of the subject motor vehicle accident.

5. Defendant Alva Eugene Sypolt ("Sypolt") is an individual citizen and resident of the State of Missouri who was working as an agent or employee of the Defendants at the time the subject motor vehicle accident happened in Elmore County, Alabama.

6. Defendant Kenneth W. Keith is an individual citizen and resident of the State of Missouri.

7. Defendant Melonie Keith is an individual citizen and resident of the State of Missouri.

8. Travel Centers of America is, upon information and belief, a foreign corporation with its principal place of business in the State of Ohio.

## II. Jurisdiction and Venue

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds the sum of Seventy-Five Thousand and NO/100 Dollars ($75,000.00), exclusive of interest and cost, and because this case concerns a controversy between citizens of different states, as set forth more fully above. None of the defendants in this case are citizens of the State of Alabama.

## III. Facts

10. On or around July 22, 2005, the Plaintiff was operating a vehicle on Highway 231 in or near the City of Wetumpka in Elmore County, Alabama. Defendant Sypolt was driving a tractor trailer owned, maintained, loaded, operated and otherwise under the control of the Defendants. While in the line and scope of his employment with Defendants ETI, KKT, and ETSI, which upon information and belief are mere alter egos or successors of one another, Defendant Sypolt drove or otherwise allowed his vehicle to collide into the rear of the Plaintiff's vehicle. At the time of the accident, Defendant Sypolt was traveling in excess of the posted speed limit, was traveling too closely to the Plaintiff's vehicle and otherwise violated the Alabama Rules of the Road. Moreover, the tractor and trailer and Defendant Sypolt were in violation of the Federal

Motor Carrier Safety regulations in numerous respects, including, but not limited to, improperly operating and maintaining a commercial vehicle.

11. At the time of the accident in question, the tractor Defendant Sypolt was operating was owned by the Keiths and Defendant Sypolt was operating it with their permission and on their behalf such that he was their agent and they were responsible for his actions.

12. Prior to the subject accident, Defendant Travel Centers of America repaired the trailer Defendant Sypolt was hauling at its Commerce City, Colorado facility. At the time, Defendant Travel Centers of America failed to properly diagnose and/or repair problems with the trailer's brakes such that they were not working properly on the date of the accident, did not comply with Federal Motor Carrier Safety Regulations and caused and/or contributed to cause the accident.

13. As a result of the subject accident, the Plaintiff has suffered, and continues to suffer, physical injury, pain, permanent injury, disfigurement, mental anguish, emotional distress, medical bills, loss of enjoyment of life and other expenses and compensatory damages.

### COUNT I: Negligence

14. The Plaintiff hereby adopts and incorporates by reference each and every allegation contained in Paragraphs 1-8 as if fully set forth herein.

15. The subject motor vehicle accident was proximately caused by the negligent acts and omissions, separately or severely, of the Defendants as follows:

    (a)    Operation of the tractor and/or trailer;

    (b)    Failing to properly maintain and/or operable brakes and other component parts of the tractor and/or trailer;

    (c)    Failing to keep a proper distance;

    (d)    Allowing or otherwise permitting the tractor and/or trailer to strike or collide with the Plaintiff's vehicle;

- (e) Hiring, training and/or supervising Alva Eugene Sypolt, the driver of the subject tractor and/or trailer;

- (f) Failing to comply with any and all applicable safety laws including, but not limited to, the Federal Motor Carrier Safety Regulations and any company rules, regulations or policies; and

- (g) Other acts of negligence that will be uncovered in discovery and proven at trial.

16. As a proximate result of the above-referenced combined and concurring negligence by and on behalf of the defendants, and each of them, jointly or severally, the plaintiff has suffered injuries and damages described above.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests a judgment be entered against the Defendants, jointly and severally for compensatory damages, costs and expenses, as well as any and all further relief this Court deems just and proper.

## COUNT II: Wantonness

17. The Plaintiff hereby adopts and incorporates by reference each and every allegation contained in Paragraphs 1-16 as if fully set forth herein above.

18. The subject motor vehicle accident was proximately caused by the wanton acts and omissions, separately or severely, of the Defendants as follows:

- (a) Operation of the tractor and/or trailer;

- (b) Failing to properly maintain and/or repair operable brakes and other component parts of the tractor and/or trailer;

- (c) Failing to keep a proper distance;

- (d) Allowing or otherwise permitting the tractor and/or trailer to strike or collide with the Plaintiff's vehicle;

- (e) Hiring, training and/or supervising Alva Eugene Sypolt, the driver of the subject tractor and/or trailer;

(f) Failing to comply with any and all applicable safety laws including, but not limited to, the Federal Motor Carrier Safety Regulations and any company rules, regulations or policies; and

(g) Other acts of wantonness that will be uncovered in discovery and proven at trial.

19. As a proximate result of the above-referenced combined and concurring wantonness by and on behalf of the Defendants, and each of them, jointly or severally, the plaintiff has suffered injuries and damages described above.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests a judgment be entered against the Defendants, jointly and severally for compensatory and punitive damages, costs and expenses, as well as any and all further relief this Court deems just and proper.

## COUNT III: Negligent and/or Wanton Entrustment

20. The Plaintiff hereby adopts and incorporates by reference each and every allegation contained in Paragraphs 1-19 as if fully set forth herein.

21. At the time of the subject accident, Defendant Sypolt was acting in the line and scope of his employment as an employee or agent or permissive user of a vehicle owned and/or operated by and for the Defendants.

22. At the time the subject accident happened, Defendant Sypolt was suffering from or had an incompetency that caused or contributed to the subject accident. Despite knowledge of this incompetency, Defendants entrusted, leased, loaned or otherwise allowed Defendant Sypolt to operate or use their tractor and/or trailer. The Defendants either knew, or should have known, of Defendant Sypolt's incompetency and should not have entrusted, loaned, leased or otherwise allowed Defendant Sypolt to operate their tractor and/or trailer.

23. As a proximate result of the entrustment described above, the Plaintiff has suffered injuries and other damages stated in this complaint.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests a judgment be entered against the Defendants, jointly and severally for compensatory and punitive damages, costs and expenses, as well as any and all further relief this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted,

_____
Christopher J. Zulanas (ASB-1572-U82C)
Jess S. Boone (ASB-3319-N70J)
Attorneys for Plaintiff Alice Shewmake

OF COUNSEL:
FRIEDMAN, LEAK, DAZZIO, ZULANAS & BOWLING, PC
3800 Colonnade Parkway, Suite 650
Birmingham, AL 35243
Telephone: (205) 278-7000
Facsimile: (205) 278-7001

**CERTIFICATE OF SERVICE**

I hereby certify that I have mailed a copy of said Amended Complaint on counsel for all parties via first class mail, postage prepaid and properly addressed this __15th__ day of February 2006.

_____
OF COUNSEL

cc:
Mr. Jack Dale Hendrix          Mr. Lee C. Tieman
Mr. Thomas L. Oliver, II       Mr. Lea Richmond
Mr. James H. Anderson

**SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

KENNETH W. KEITH
2975 SE GALVIN ROAD
ST. JOSEPH, MISSOURI 64504

TRAVEL CENTERS OF AMERICA
24601 CENTER RIDGE ROAD, SUITE 200
WESTLAKE, OHIO 44145-5639

MELONIE KEITH
2975 SE GALVIN ROAD
ST. JOSEPH, MISSOURI 64504