# "EXHIBIT 3"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALICE SHEWMAKE, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) CIVIL ACTION CASE NUMBER: ) 2:05-cv-000793-F ) |
| EXHIBIT TRANSPORT, INC.; KEN KEITH TRUCKING, INC.; EXHIBIT TRANSFER & STORAGE, INC.; ALVA EUGENE SYPOLT; KENNETH W. KEITH; MELONIE KEITH; and TRAVEL CENTERS OF AMERICA, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

### DEFENDANT, TRAVEL CENTERS OF AMERICA'S, RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

**COMES NOW** the defendant, **Travel Centers of America ("TCA"),** and in response to Plaintiff's Interrogatories and Request for Production of Documents, states as follows:

1. State the name, address, title and duties of the person answering these interrogatories and the place where these interrogatories are answered.

   **RESPONSE:** **Kile T. Turner, Attorney for TCA**
   **Norman, Wood, Kendrick & Turner**
   **Financial Center – Suite 1600**
   **505 20th Street North**
   **Birmingham, Alabama 35203**

2. State the name, address and job title of each person who was contacted in answering these interrogatories or who provided information relevant to the answering of the

interrogatories and the proper designation of each book, document or record which was searched in answering the interrogatories.

>	RESPONSE:  Kile T. Turner, Attorney for TCA
>	Norman, Wood, Kendrick & Turner
>	Financial Center – Suite 1600
>	505 20th Street North
>	Birmingham, Alabama  35203
>
>	Joe Laforet, Claims Manager for TCA
>	Travel Centers of America
>	24601 Center Ridge Road, Suite 200
>	Westlake, Ohio  44145-5639
>
>	Mr. Laforet searched TCA's computer system to determine all work orders for the named defendants in the spring and summer of 2005.

3.	State this defendant's name correctly and/or the correct way this defendant should be designated as a party defendant in an action at law (at the time of the occurrence made the basis of this suit and at the time these interrogatories were answered).

>	RESPONSE:  TA Operating Corp dba TravelCenters of America

4.	State the general corporate history of this defendant.

>	RESPONSE: TCA is a Delaware corporation, with prinicipal place of business in Ohio.

5.	State the name and principal address of each insurer, of any type whatsoever, which insured this defendant against risks or losses claimed in this lawsuit.

>	RESPONSE: TCA has a self-insured retention, then it is insured by Zurich Insurance Company, 1400 American Lane, Schaumberg, Illinois 60196.

6.	State the name and address of each person from whom a statement has been obtained by this defendant or on behalf of this defendant.

>	RESPONSE:  None.

- 2 -

7. List any and all standard operating procedures, if any, pertaining to the maintenance, inspection, and/or repair of the brakes on tractors and trailers.

**RESPONSE: A brake inspection is done only during brake repairs and only when the service is purchased by a customer.**

8. Describe any and all repairs, changes or modifications to the tractor and trailer involved in the accident made the basis of this lawsuit. Please attach all documentation pertaining to said repairs, changes and/or modifications, and should include but not be limited to work orders and invoices.

**RESPONSE: The light assembly was repaired on the trailer.**

9. Give the name of each individual who would have any knowledge concerning the maintenance, inspection, and repair of the tractor and trailer involved in the occurrence made the basis of this suit.

**RESPONSE: Barry Kholos and Joel Keel.**

10. List the name and address of the person responsible for the inspection and/or repair of the tractor and trailer involved in the occurrence made the basis of this suit. Please attach all documentation pertaining to said inspections, repairs, changes and/or modifications, and should include but not be limited to work orders and invoices.

**RESPONSE: Nobody was responsible for the inspection of the tractor and trailer involved in the accident with the plaintiff. Joel Keel performed the repair on the light assembly on the trailer, and no work was performed on the truck.**

11. List the style, civil action number and location of any lawsuits ever filed against this defendant claiming injury, damage or death due to any problems regarding this defendant failure to maintain, inspect and/or repair.

> **RESPONSE:** Objection, this request is immaterial, vague and overly broad and unduly burdensome. TCA is a corporation with over 150 facilities in North America and has been in operation for over 30 years. It would be impossible to locate every suit of a similar nature that has ever been filed against TCA.

12. State the name and address of any and all agents, employees, or representatives (including experts) of this defendant who have viewed and/or inspected the scene of the accident made the basis of this lawsuit or the tractor and trailer.

**RESPONSE: None.**

13. State the name and address of any person or entity other than the named defendant in this suit who had any connection with or relationship with or caused in any way the occurrence made the basis of plaintiff's complaint.

> **RESPONSE:** TCA is unaware of anyone that would be responsive to this Interrogatory at this time.

14. State the full name and address of every witness known to you, or to your attorney, who has any knowledge regarding the facts and circumstances surrounding the happening of the incident referred to in the complaint including, but not limited to, eyewitnesses to such event.

**RESPONSE: None.**

15. Do you contend or have any knowledge whatsoever that anyone other than the named defendants in this cause had any connection with or relationship to the occurrence made the basis of plaintiff's complaint? If so, please state in detail the facts upon which you base this connection and the name and address of each such person or entity.

> **RESPONSE:** TCA lacks sufficient information to respond to this Interrogatory, and without waiving any rights to fully respond and/or supplement at a later date, TCA is not aware of anyone other than the named defendants.

-4-

16. Produce any and all contracts between this defendant and any other named defendant and all modifications thereto.

**RESPONSE: TCA has no contracts with any named defendants.**

17. Please produce a list of all employees who worked on the tractor and trailer involved in the occurrence made the basis of this lawsuit from January 1, 2000 until the date of the accident, July 22, 2005.

**RESPONSE: Upon information and belief, Joel Keel.**

18. Please produce any and all work orders or other written orders for the tractor and trailer involved in the occurrence made the basis of this lawsuit from January 1, 2000 until the date of the accident, July 22, 2005.

**RESPONSE: See attached.**

19. Please produce the personnel file of each employee who inspected and/or repaired the tractor and trailer involved in the occurrence made the basis of this lawsuit from January 1, 2000 until the date of the accident, July 22, 2005.

**RESPONSE: TCA has no responsive documents has Mr. Keel and Mr. Kholos are no longer employed with TCA.**

20. List each and every defense known to you at this time that you presently intend to assert.

**RESPONSE: In addition to the defenses raised in its answer, TCA did not ever inspect and/or work, repair, or otherwise modify the brakes of the tractor trailer in question. Therefore, TCA is not responsible for this accident made the basis of this litigation.**

21. State the full name and address of each witness that you expect to call at the trial of this case.

- 5 -

**RESPONSE: Discovery is not yet complete, but TCA will supplement its answer as witnesses are determined.**

22. State the name and address of each expert witness that you expect to call at the trial of this case and state the subject matter on which said experts are expected to testify.

**RESPONSE: At this time, TCA does not expect to call any experts, but will supplement should its position change.**

23. State the substance of the facts, opinions and conclusions to which each and every expert is expected to testify in this case.

**RESPONSE: Not applicable.**

24. Please produce copies of any photographs or motion pictures of the persons, places, or things involved in the occurrence made the basis of this lawsuit, including the scene of the said occurrence and the tractor and trailer involved in said occurrence.

**RESPONSE: None.**

25. Please produce a copy of each and every investigative document and/or report made by or for this defendant or in this defendant's possession, pertaining to or addressing in any way the occurrence made the basis of this lawsuit.

**RESPONSE: None.**

26. Please produce a copy of any and all maintenance records, repair records, modifications records, or documents of any type pertaining to, growing out of or involving in any way repairs, modifications or maintenance carried out on the tractor or trailer involved in the occurrence made the basis of this suit at any time, whether prior to or subsequent to the occurrence made the basis of this suit.

**RESPONSE: See attached.**

- 6 -

  (b) Identify each person to whom any part of the contents of the document or communication has been communicated; and,

  (c) State the factual basis for your claim of privilege or immunity.

**RESPONSE: Not applicable.**

           TravelCenters of America

           By: _____

Before me, a Notary Public, in and for the state of ~~Alabama~~ Ohio, hereby acknowledges that _Russell Hood_ executed the aforementioned document before me on this _25th_ day of _September_, 2006.

          _Cary M. Toth_
          Notary Public

My Commission Expires:

_Nov. 13, 2006_

         CARY M TOTH
         Notary Public, State of Ohio
         My commission expires Nov. 13, 2006

7

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on all counsel of record by placing a copy of same in the U.S. mail, postage prepaid and properly addressed on this the ___28th___ day of ___Sept___, 2006, as follows:

Christopher J. Zulanas, Esq.  → via hand delivery
Jess S. Boone, Esq.
Friedman Leak Dazzio Zulanas & Bowling PC
P.O. Box 43219
Birmingham, Alabama 35243

Jack Dale Hendrix, Esq.
Lee C. Tieman, Esq.
Liles Davison
1018 West Saint Maartens Drive
Suite 200
St. Joseph, Missouri 64506

Thomas L. Oliver, II, Esq.
Lea Richmond, Esq.
Carr Allison
100 Vestavia Parkway
Suite 200
Birmingham, Alabama 35216

James H. Anderson, Esq.
Beers Anderson
P.O. Box 1988
Montgomery, Alabama 36102

_____
Kile T. Turner