**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| ALICE SHEWMAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION CASE NUMBER: |
| | ) | 2:05-cv-000793-F |
| | ) | |
| EXHIBIT TRANSPORT, INC.; | ) | |
| KEN KEITH TRUCKING, INC.; | ) | |
| EXHIBIT TRANSFER & STORAGE, | ) | |
| INC.; ALVA EUGENE SYPOLT; | ) | |
| KENNETH W. KEITH; MELONIE | ) | |
| KEITH; and TRAVEL CENTERS OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, TRAVEL CENTERS OF AMERICA'S,
RESPONSE TO PLAINTIFF'S MOTION TO COMPEL RESPONSE BRIEF**

**COMES NOW** the defendant, **Travel Centers of America ("TCA"),** and in response to the Brief filed by plaintiff, TCA pleads as follows:

1. TCA has responded to plaintiff's discovery requests with the exception of No. 11 which asks:

> 11. List the style, civil action number, and location of any lawsuits *ever* filed against this defendant claiming injury, damage or death due to any problems regarding this defendant's failure to maintain, inspect and/or repair.

This request is excessively overly broad and unduly burdensome. This request has no limits on scope, location, or time. In addition, locating this information for over 150 facilities in North America over the last 30 years would be unduly burdensome and would obviously not lead to admissible evidence at trial.

2. More importantly, this request goes way beyond the narrow issues of this lawsuit. Plaintiff's sole allegation against TCA relates to its "failure to inspect and properly diagnose the brakes on the trailer involved in the accident with the plaintiff when the light assembly on the trailer was repaired at a TCA facility three months prior to the accident." (¶ 12 of Plaintiff's Complaint)  Plaintiff does not allege that TCA negligently inspected and/or repaired the brakes on the trailer, but rather that it was negligent for ***not*** inspecting the brakes while repairing the trailer's light assembly.  Therefore, suits relating to "failure to maintain, inspect, and/or repair" are beyond the issues of this case.

3. The Courts have consistently held that information regarding prior lawsuits is irrelevant.  See Marker v. Union Fidelity Life Insurance Co., 125 F.R.D. 121 (M.D. North Carolina 1989), where the District Court held that considering the nature of the controversy, the complexity of the lawsuit, the importance of discovery to the lawsuit and the monetary amount involved, pursuant to the standards set out in Federal Rule Civil Procedure 26 (b)(1)(iii), information about prior lawsuits was not discoverable.  Marker, at 124.  In Marker, plaintiff was attempting to establish a "pattern and practice" of bad faith denial of insurance claims.  In this case, there is no allegation that TCA has a "pattern and practice" of negligent conduct.  Rather, there is simply a bald allegation that it should have inspected the brakes on the trailer at one specific time. Therefore, information regarding other suits is both irrelevant and overly broad.

Courts have denied requests to produce information about other lawsuits or complaints on the grounds that such matters were irrelevant to the pending action.  Thus, in *Moses v. State Farm Mut. Auto Ins. Co.*, 104 F.R.D. 55 (N.D.Ga.1984), the court held that requests for claims of no fault insurance paid before and after the filing of the lawsuit were irrelevant because plaintiff could determine defendant's reason for denying her claim by deposing defendant's decision-

markers. *See also* Pouty v. National R.R. Passenger Corp., 99 F.R.D. 545, 549 (D.D.C.1983) (all lawsuits by discharged employees during a certain period); Miller v. Doctor's General Hospital, 76 F.R.D. 136 (W.D.Okla.1977), (lawsuits and complaints filed against defendant for employment discrimination); Goodman v. International Business Machine Corp., 59 F.R.D. 278 (N.D.Ill.1973) (other personal injury claims arising out of the same incident); Hicks v. Crown Zellerbach Corp., 49 F.R.D. 184 (E.D.La.1968) (other charges by plaintiff with the Equal Employment Opportunity Commission); and Wood v. McCullough, 45 F.R.D. 41 (S.D.N.Y.1968) (other medical malpractice actions filed against doctors).

4.   Discovery responses were not originally provided due to an agreement between counsel. There was never any intent to abuse the discovery process, nor did TCA waive its one, legitimate objection to plaintiff's discovery request.[1]

5.   TCA has fully responded to all of plaintiff's discovery requests with the exception of this single Interrogatory which is overly broad, unlimited in scope, not related to the narrow issues of this case, and unduly burdensome. Therefore, to the extent this Court's Order requires a full response to this improper Interrogatory, plaintiff's Motion to Compel should be denied. Because TCA has fully responded to other discovery requests, the remaining Motion to Compel should be deemed moot.

**WHEREFORE, PREMISES CONSIDERED,** TCA having shown that discovery request No. 11 is truly unlimited in scope, goes beyond the issue of this case, is not limited in time or geographic location, and would be unduly burdensome to respond, plaintiff's Motion to Compel regarding this specific request should be denied.

---

[1] Plaintiff filed a Notice of Compliance on October 3, 2006.

Respectfully submitted,

s/ Kile T. Turner
Kile T. Turner
Bar Number: ASB-8182-U83K
Attorney for Defendant
Norman, Wood, Kendrick & Turner
Financial Center – Suite 1600
505 20th Street North
Birmingham, Alabama 35203
Phone: (205) 328-6643
Fax: (205) 251-5479
Direct Dial: (205) 259-1033
Email: kturner@nwkt.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of October, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: janderson@beersanderson.com, jody@beersanderson.com, jboone@flb-law.com, mlittle@flb-law.com, jendrix@ldtglaw.com, dee@ldtglaw.com, tlo@carrallison.com, lnr@carrallison.com, ltieman@ldtglaw.com, czulanas@friedmanleak.com, mlittle@friedmanleak.com, and stacy@friedmanleak.com.

s/ Kile T. Turner
Norman, Wood, Kendrick & Turner
Financial Center – Suite 1600
505 20th Street North
Birmingham, AL 35203
Phone: (205) 328-6643
Fax: (205) 251-5479
Direct Dial: (205) 259-1033
Email: kturner@nwkt.com